IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JONATHAN RAY MATTIX | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-139 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jonathan Ray Mattix, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

In 2017, following a jury trial in the 88th District Court of Hardin County, Texas, Petitioner was convicted of continuous sexual assault of a child. He was sentenced to 45 years of imprisonment. The conviction was affirmed by the Texas Court of Appeals for the Ninth District. *Mattix v. State*, 9-17-00332-CR, 2019 WL 1178910 (Tex. App.-Beaumont Mar. 13, 2019). The Texas Court of Criminal Appeals refused a Petition for Discretionary Review on June 19, 2019. *Mattix v. State*, PDR. No, 360-19. Petitioner did not file a petition for writ of *certiorari* with the Supreme Court.

On May 11, 2020, Petitioner filed a state Application for Writ of Habeas Corpus. The Court of Criminal Appeals denied the Application without written order on March 18, 2021. *Ex parte Mattix*, Appl. No. 91,357-01.

Grounds for Review

Petitioner asserts the following grounds for review: (1) the trial court erred in denying a request for a mistrial after the prosecution commented on his failure to testify; (2) he received ineffective assistance of counsel when counsel failed to challenge certain prospective jurors for cause and (3) there was insufficient evidence to support his conviction.

Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for a habeas corpus petition seeking relief from a state court criminal conviction. Title 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part as follows:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing an application by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In addition, "[t]he time during which a properly filed Application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Petitioner's Petition for Discretionary Review was refused on June 19, 2019. His conviction therefore became final 90 days later, on September 17, 2019, when the time for filing a petition for writ of *certiorari* expired. *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (noting conviction becomes final 90 days after a petition for discretionary review is refused if no petition for writ of *certiorari* is filed ). The period of limitations began to run on that date and ran for 235 days until May 11, 2020, the date Petitioner filed his Application for Writ of Habeas Corpus. The running of the period of limitations was tolled while the Application was pending. The period of limitations began to run again on August 12, 2020, the date the Application was denied, and expired 130 days later, on December 20, 2020. As the current Petition is dated March 18, 2021, it was filed after the period of limitations expired.

Petitioner's grounds for review are not based upon newly discovered facts that could not have been discovered earlier. Further, Petitioner does not assert the state created an impediment to bringing a federal petition for writ of habeas corpus at an earlier time or that his grounds for review are based upon a newly recognized right.

Petitioner does assert he is entitled to equitable tolling. He states that for two months prior to the date on which he filed his state Application,[1] and following the date on which his state Application was denied, the Texas state prison system was subject to a "lock down" caused by the COVID-19 pandemic. Petitioner contends the lock down resulted in restricted access to the law library and limited the availability of legal materials. He states that prior to the lock down, access to the law library and legal materials was available five days per week for two hours per day. This allowed him to search for relevant case law quickly and efficiently. However, after the lock down

---

[1] See Governor Abbott Declares State of Disaster in Texas Due to COVID-19 (Mar. 13, 2020), available at https://gov.texas.gov/news/post/governor-abbot-declares-state-of-disaster-in-texas-due-to-covid-19.

took effect, access to the law library was restricted and inmates could only request three items at a time. Materials were only brought to inmates on Monday, Wednesday and Friday. Petitioner states this severely hindered his ability to conduct legal research.

In *Holland v. Florida*, 560 U.S. 631, 634 (2010), the Supreme Court held that the period of limitations established in Section 2244(d) is subject to equitable tolling in appropriate cases. The Court stated that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id*. at 653. Equitable tolling is a discretionary doctrine turning on the facts and circumstances of each case, and a petitioner bears the burden of establishing entitlement to equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999).

District courts within Texas have found that the limited access to the law library resulting from the prison system's response to the COVID-19 pandemic does not constitute the type of extraordinary circumstance that would entitle a petitioner to equitable tolling. *Addington v. Lumpkin*, No. H-23-86, 2023 WL 4054685, at *4 (S.D. Tex. June 16, 2023); *Gilbert v. Director, TDCJ-CID*, No. 6:22cv146, 2023 WL 527812, at *3 (E.D. Tex. June 13, 2023); *Cruz v. Lumpkin*, No. 4:21-cv-610-P, 2021 WL 3710568, at *3 (N.D. Tex. Aug. 18, 2021); *Ramos v. Lumpkin*, No. SA-20-CA-01448-FB, 2021 WL 3410314, at *3 (W.D. Tex. Aug. 4, 2021). In this case, while Petitioner's access to the law library was limited for certain periods of time, he still had some access to the law library during these periods. Moreover, for the first five months of the period of limitations petitioner had normal access to legal materials. As a result, it cannot be concluded

extraordinary circumstances prevented Petitioner from filing his Petition within the time allowed by statute.

Nor can it be concluded Petitioner pursued his rights with reasonable diligence. Petitioner waited seven months before filing his state Application. During five of these months, Petitioner's access to the law library and legal materials was unrestricted. In addition, Petitioner has failed to explain how he was able to file his state Application within two months of when the lock down began, yet required another seven months after his Application was denied to prepare and file the current Petition. The grounds for review asserted in the Petition were also asserted in the state Application. As a result, Petitioner has failed to show he acted diligently in pursing habeas relief in the state and federal courts. Equity is not intended for those who sleep on their rights. *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

Petitioner did not file his Petition until after the applicable period of limitations expired. Further, as explained above, Petitioner is not entitled to equitable tolling. His Petition should therefore be dismissed.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed as barred by the applicable period of limitations.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge contained herein. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*.

**SIGNED this the 7th day of December, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE